[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

Nos. 22-13993, 23-10530

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRE MAURICE LEWIS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00019-PGB-DCI-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Lewis pled guilty to and was convicted of enticing a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and was sentenced to life imprisonment. As part of his sentence, the court also ordered Lewis to pay restitution to the victim of the offense to cover projected therapy costs. Lewis appeals the restitution order only, arguing that the government failed to prove the restitution figure by a preponderance of the evidence.

The government has filed a motion to dismiss Lewis's appeal based on the sentence appeal waiver in his plea agreement. Lewis responds that the restitution order was imposed in violation of the restitution statute and so, in essence, exceeded the statutory maximum restitution that could be imposed. We grant the government's motion because Lewis's appeal waiver is enforceable and bars his challenge.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). The touchstone for assessing whether an appeal waiver was made knowingly and voluntarily is whether the court clearly conveyed to the defendant that he was giving up his right to appeal his sentence under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). Appeal waivers apply "not only to

frivolous claims, but also to difficult and debatable legal issues." *King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2022) (quotation marks omitted).

Here, the government has shown, and Lewis does not dispute, that the appeal waiver is enforceable and generally bars a challenge to the restitution order outside the exceptions listed in the waiver. *See Johnson*, 541 F.3d at 1068–69 (holding that an appeal waiver barred review of a restitution order, which is part of the sentence). The district court specifically questioned Lewis about the waiver during the plea colloquy and listed its exceptions. And Lewis confirmed his understanding of the plea agreement generally and the appeal waiver in particular. Accordingly, the appeal waiver bars his challenge unless an exception applies.

Lewis relies on the appeal waiver's exception for an appeal raising "the ground that the sentence exceeds the statutory maximum penalty." In his view, his argument that the district court violated the restitution statute, 18 U.S.C. § 2429, by imposing restitution in the absence of sufficient evidence as to the victim's loss, is equivalent to a claim "that his sentence exceeds the maximum allowed by statute."

In enticement cases, the district court must order the defendant to pay restitution to any victim in the "full amount of the victim's losses," as defined in § 2259. *See* 18 U.S.C. § 2429(a), (b)(1), (3). This "full amount" includes "any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim," such as

"medical services relating to physical, psychiatric, or psychological care." *Id.* § 2259(c)(2).  Restitution for future therapy costs is appropriate "as long as the award reflects a reasonable estimate of those costs and is based on record evidence." *United States v. Osman*, 853 F.3d 1184, 1190 (11th Cir. 2017).  The government must prove the restitution amount by a preponderance of the evidence using evidence bearing sufficient indicia of reliability to support its probable accuracy.  *Id.* at 1189.

Here, we reject Lewis's attempt to evade the appeal waiver by recasting his argument that the court relied on insufficient evidence in calculating restitution as an argument that the amount of restitution exceeded the statutory maximum.  The restitution statute does not have a prescribed maximum that could be exceeded.  *See* 18 U.S.C. §§ 2429, 2259; *see also Johnson*, 541 F.3d at 1069 (reasoning that a restitution order did not exceed the statutory range because the restitution statute at issue, 18 U.S.C. § 3663, "has no prescribed statutory maximum").  So Lewis's appeal does not fall within the exception for a sentence that "exceeds the maximum allowed by statute."  *See Johnson*, 541 F.3d at 1069.

Nor did the district court act arbitrarily or for an improper purpose.  *See id.* at 1068–69 (holding that an appeal waiver applied where the defendant was not "subjected to the unfettered whim of the district court, or punished on the basis of a constitutionally impermissible factor such as race).  Rather, the court applied the preponderance standard and awarded a relatively modest amount of restitution—$3,665.36—to cover future therapy costs for one year

for the victim of Lewis's offense.[1]  In other words, the award, on its face, appears to fall within the parameters of the restitution statute, which Lewis does not dispute.  While Lewis argues the evidence on which the court relied to impose that award lacked sufficient indicia of reliability, such a challenge does not fall within any of the exceptions to his appeal waiver.  *Cf. United States v. Grinard-Henry*, 399 F.3d 1294, 1297 (11th Cir. 2005) (holding that an appeal waiver barred a challenge to a sentence based on the district court's drug-quantity findings).

Because the appeal waiver is enforceable and no exception applies, we must enforce the waiver according to its terms and dismiss the appeal.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) ("We have consistently enforced knowing and voluntary appeal waivers according to their terms.").  Therefore, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**

---

[1] The district court permitted the victim to reapply for restitution on a yearly basis under 18 U.S.C. § 3664(d)(5).